# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MELONIA WILLIAMS                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO.: 4:14-cv-55-SA-JMV

AARON'S INC.                                                                              DEFENDANT

## ORDER DENYING MOTION TO STRIKE PORTIONS OF COMPLAINT

This matter is before the court on Defendant's Motion to Strike Portions of Complaint [7]. Upon due consideration of the motion and applicable law, the court finds it should be granted in part and denied in part as detailed below.

Plaintiff Melonia Williams filed this action on April 16, 2014, against Defendant Aaron's Inc., alleging four Title VII claims: sexual harassment, sexually hostile work environment, gender discrimination, and retaliation. From February 20, 2012 to January 7, 2013, Plaintiff was employed as a Manager Trainee by Defendant. The complaint contains details of the sexual harassment Plaintiff alleges she sustained from her Manager as well as allegations of inappropriate relations involving other coworkers. In the instant motion, Defendant seeks to have two significant portions of the complaint stricken. First, Defendant seeks to strike Plaintiff's damages demand because it is in excess of those allowed in a Title VII law suit. Second, Defendant seeks to strike factual portions of the complaint it claims to be "scandalous, impertinent, immaterial, and redundant" under Rule 12. These factual portions detail the size of the company, the company's corporate hierarchy, its alleged bias against women, and the alleged sexually hostile work environment Plaintiff endured during her employment among other things.

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The district court [has]

ample discretion, under Rule 12(f) … to order stricken from the complaint any redundant or immaterial matter." *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168 (5th Cir. 1979) (internal citation omitted). The Fifth Circuit reviews a district court's ruling on a motion to strike for abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007). "[I]t is well established that the action of striking a pleading should be sparingly used by the courts." *Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). "Striking material within a pleading is 'a drastic remedy to be resorted to only when required for the purpose of justice' and 'only when the [material] … has no possible relation to the controversy.'" *Wimsatt v. Fountainbleau Mgmt. Serv., LLC*, No. 1:10-cv-169-SA-JAD, 2010 WL 4810207, at *5 (N.D. Miss. Nov. 19, 2010) (quoting *Augustus*, 306 F.3d at 868); see also *U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012)

Plaintiff concedes her demand for "collective" compensatory and punitive damages for each of the Title VII claims is improper and seeks permission to amend her complaint to so reflect. The court finds the motion to strike well taken on this issue and directs the plaintiff to amend the complaint accordingly.[1]

Regarding the balance of the sought to be stricken allegations of the complaint, the court is not convinced the heightened showing necessary to strike the same has been met. While some or all of the subject allegations may be ultimately determined to be inadmissible for relevance, undue prejudice or other reasons, proof of such allegations may also ultimately be found relevant to Plaintiff's claims. By way of example only, Plaintiff's assertion of her Manager disseminating inappropriate photographs and engaging in sexual flirtations with coworkers at the workplace may be germane to proving her sexually hostile work environment claim. And, proof regarding

---

[1] Plaintiff noted in its Response [20] there is a typo in Paragraph 43 of the Complaint. The name of the Regional Manager should be "Michael Jones," not "Michael Brown." The court grants Plaintiff permission to correct this typo in the amended complaint in addition to the amended damages demand.

corporate structure is fairly routine in employment discrimination cases. Further, the findings of the unemployment security commission may be inadmissible as evidence in this case. However, it is not the providence of the undersigned to make such a ruling at this pre-trial stage. Here, the undersigned's purview is to make findings as to the scandalous, impertinent, immaterial or redundant nature of the disputed factual allegations. At this early juncture, the court is not convinced of the necessity of striking the allegations of the complaint at issue here.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Strike Portions of Complaint is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall amend the damages demand in her complaint within five (5) days of this order to apply the statutory damages caps available to an individual under Title VII and to correct the noted typo. The remaining disputed factual allegations shall remain in the complaint.

**SO ORDERED** this, the 17th day of July, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**